GRIFFIN, J.
Keith Lovett [“Lovett”] appeals an order denying his motion to withdraw his plea. Lovett contends that, at the time he entered his nolo contendere plea, the public defender’s office had a conflict of interest in that it also represented Lovett’s victim in another case.
Daytona Beach police arrested Lovett on March 21, 2001, charging him with burglary. The charging affidavit stated that Lovett had been found hiding in Michele Cooper’s kitchen closet. The affidavit also stated that Cooper had a order of protection against Lovett.
Lovett entered a plea of nolo contendere to burglary of a dwelling and the court sentenced him to three-years’ probation. In a second case, the State charged Lovett with felony battery and burglary of a dwelling. Michele Cooper was the victim in this instance also. Lovett pled nolo contendere and was sentenced to probation for a period of three years to be served concurrently with the sentence in the other case.
On April 25, 2002, the State filed a probation violation report in both cases, alleging that Lovett (1) failed to report to his probation officer for March and April 2002; (2) failed to pay costs; and (3) was arrested on April 10, 2002, for violating an injunction involving Cooper.
The trial court held a hearing and Mr. Bell, a public defender, represented Lo-vett. Bell attempted to enter a not guilty plea with the court and then asked Lovett what he wanted to do. Lovett replied that he wanted to talk to the judge. Lovett argued that the April 10, 2002, charge that he had violated an injunction had been dismissed. The court informed Lovett *369 that if he wanted to enter a plea to the allegations, excluding the injunction violation allegation, it would hold a sentencing hearing later that morning. Lovett agreed and pled nolo contendere to the probation violation.
Later in the morning, the court held a sentencing hearing. The State called Lo-vett’s probation officer and Bell cross-examined her. Bell called Lovett’s sister to testify and conducted the direct examination. Finally, Lovett testified and Bell conducted the direct and redirect examination. Bell also offered a final argument. The court sentenced Lovett in both cases to sixty-five-months’ imprisonment to be served concurrently.
On June 7, 2002, Lovett filed motions pursuant to Florida Rule of Criminal Procedure 3.170(f) to withdraw his nolo con-tendere plea in both cases. At the hearing on the motions, public defender Powers represented Lovett. Lovett argued that the public defender’s office had a conflict of interest because, at the time he entered his plea, it had been representing both Michele Cooper, in an unrelated case, and Lovett. According to Powers, Cooper had been arrested for aggravated battery in April 2002 and had been recently rearrested. Powers stated, “[a]nd, unfortunately, one thing that I did pick up on at the time that we were representing Mr. Lovett is that we were also — our office was representing Ms. Cooper.”
The State responded that Lovett had only pled to the failure to report to his probation officer and the failure to pay, and not the violation of the injunction. The State pointed out that neither of these allegations involved Ms. Cooper and, thus, there was no conflict. The trial court agreed and denied Lovett’s motion to withdraw his plea.
Although there is logic in the trial court’s approach, we agree with Lovett that there was an actual conflict of interest. The public defender’s office was representing Lovett, while representing another client who had a significant interest in seeing Lovett incarcerated. The State commendably appears to concede this point.[1] Accordingly, we reverse the order denying Lovett’s motion to withdraw his plea and remand.
REVERSED and REMANDED.
SHARP, W., and PETERSON, JJ„ concur.

. Section 27.53(3), Florida Statutes (2002), provides:
(3) If, at any time during the representation of two or more indigents, the public defender determines that the interests of those accused are so adverse or hostile that they cannot all be counseled by the public defender or his or her staff without conflict of interest, or that none can be counseled by the public defender or his or her staff because of conflict of interest, the public defender shall file a motion to withdraw and move the court to appoint other counsel. The court shall review and may inquire or conduct a hearing into the adequacy of the public defender’s representations regarding a conflict of interest without requiring the disclosure of any confidential communications. The court shall permit withdrawal unless the court determines that the asserted conflict is not prejudicial to the indigent client.
(emphasis added).