MONACO, J.
The appellant, James Matthew Badger, appeals the summary denial of his Rule 3.850 motion for postconviction relief. Although he raises three grounds asserting ineffective assistance of counsel, we conclude that only one of those grounds has merit.
In order to uphold the summary denial by a trial court of a claim raised in a motion for postconviction relief, the claim must be either facially invalid or conclusively refuted by the record. When no evidentiary hearing is held by the trial court, the appellate court must accept the defendant’s factual allegations to the extent they are not disposed of by the record. See Foster v. State, 810 So.2d 910 (Fla.), cert. denied, 537 U.S. 990, 123 S.Ct. 470, 154 L.Ed.2d 359 (2002); Valle v. State, 705 So.2d 1331 (Fla.1997).
Mr. Badger asserts that the public defender’s office that defended him had represented the victim of his crime in another case. The time period of the representation, and the circumstances of the representation are not clear from the record before us, but the potential for conflict exists. See Lovett v. State, 857 So.2d 368 (Fla. 5th DCA 2003). While all other claims made by Mr. Badger are refuted by the record, the same cannot be said for the assertion of conflict of interest.
Accordingly, we remand this case to the trial court with directions either to attach *1200 the pertinent parts of the record supporting its summary denial as to this single point, or to conduct an evidentiary hearing on that lone issue. See Edwards v. State, 888 So.2d 153 (Fla. 5th DCA 2004).
REVERSED and REMANDED with instructions.
PETERSON and TORPY, JJ„ concur.